The question in this case arose on a clause of the will of Mrs. Rachel Ladson, the mother of Abraham Ladson, the defendant's testator. She bequeathed to her son Abraham Ladson, certain personal estate, with a limita-¿ion over to Miss Perry if he should die without issue living at the time of his death. Abraham died without leaving issue living at his death,* and the complainant who had married the lady to whom the limitation over was made, filed a bill for recovery of the property. The defendant admitted the will, but insisted that the limitation over was too remote, and therefore void as tending to -a perpetuity.
The court said that the only question then for its determination was, whether the limitation over being of personal estate is warranted by the rules of law, or whether it is too remote. If this was a new question it would ho proper and necessary to enter into a minute discussion of the principles on which it is to be, determined and to assign the particular reasons and grounds of the decree in this case, but the numerous adjudications already had on the same point in this court and the court of chancery in England, renders such a discussion altogether needless. Suffice it to say, that although a limitation over of a per-annul chattel after a dying without issue generally will *272 not be admitted, yet if it is confined within a life or lives in being, or within ten months, or the birth of a child, or in case of the death of such child before the age of twenty - one years, the limitation over is good, for then the danger of the perpetuity, which is said to be so much abhorred by the law is avoided; all the candles are lighted and are consuming together, and the last remainder is in reality only to the remainder man who happens to survive the rest. The cases of Atkinson and Hutchinson,, in 3 P. Wms. 258, and of Sheffield and lord Orrery, in 3 Atk. 282, and Read and Snell, 2 Atk. 642, determined in England, and those of Sams and Mathews, and Elliot and Elliot in this court, are strong in point. Those authorities must not now bo shaken, and future cases of a similar kind must he decided agreeable to thos'c determinations.
The court is of opinion therefore that the limitation over to Rachael Perry, on the contingency of A. Ladson dying without lawful issue living at the time of his death, was good — and decree that the property bequeathed by the will of Rachael Ladson to Iia'chael Perry on such contingency, he delivered up to the complainants: That the defendants do account before the master for the value of such of the pi’operty as was sold by their testator, and also for the profits and income of the property from the time of his death; and that the costs of this suit be paid by defendants out of the estate of their testator.